UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBALDO ARIZA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CONCESIONARIA VUELA COMPANIA DE AVIACION S.A.P.I. DE C.V.,<br><br>    Defendant. | Case No. 22-cv-04156-VC<br><br>**ORDER DENYING VOLARIS'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 45, 46 |

    The motion for summary judgment is denied. This order assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

    The parties agree on the basic facts that underlie this dispute. Castro initiated an unprovoked physical altercation with Ariza during which a flight attendant tried to separate them by placing his hands on both of their chests. Ariza then lost his balance and tore his ACL. During that fight, Ariza's wife Garcia tried to hold back Castro from attacking her husband and sustained a cervical strain.

    Volaris is only liable for bodily injuries sustained on an international flight if an "accident" caused those injuries under the Montreal Convention. An "accident" is "an unexpected or unusual event or happening that is external to the passenger." *Air France v. Saks*, 470 U.S. 392, 405 (1985). It's obvious that the physical altercation initiated by Castro and the subsequent intervention by the flight attendant was an unexpected event that was external to Ariza. In fact, the Supreme Court contemplated and cited with approval lower court cases that defined "accident" to include "torts committed by . . . fellow passengers." *Id.*

    Volaris asserts that the only kind of "accident" covered by the Montreal Convention is an

accident caused by something that is inherent in—or unique to—air travel. Volaris relies on some district court cases that seem to have adopted that limitation. *See, e.g.*, *Price v. British Airways*, No. 91 Civ. 4947, 1992 WL 170679, at *3 (S.D.N.Y. July 7, 1992). But it's not clear where this limitation comes from. Certainly not from *Saks*, and certainly not from the language of the Convention itself. Nor does this limitation make sense—if a passenger trips on a hazard created by a flight attendant, there's no reason to think that recovery would be foreclosed by the fact that a similar hazard could just have easily existed in a restaurant or movie theater. And since *Price*, neither the Supreme Court nor circuit courts have adopted such a limitation. *See Olympic Airways v. Husain*, 540 U.S. 644, 652 (2004); *Phifer v. Icelandair*, 652 F.3d 1222, 1224 (9th Cir. 2011), *as amended on denial of reh'g* (Sept. 1, 2011); *Moore v. Brit. Airways PLC*, 32 F.4th 110, 121 (1st Cir. 2022); *Doe v. Etihad Airways*, 870 F.3d 406, 426 (6th Cir. 2017); *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1172 (11th Cir. 2014).

Volaris argues that it should be fully exonerated from liability under Article 20 because Ariza and Garcia's alleged negligence or wrongful acts, namely standing up and fighting back against Castro, caused their injuries. But that's a question for the jury. A reasonable juror could easily find that Ariza's decision to stand up and fight back, and Garcia's decision to try to push Castro back, were not negligent acts. Or the jury could reasonably find that Ariza and Garcia were only partially at fault.

Similarly, Volaris is not entitled to partial summary judgment in limiting its liability under Article 21, which caps recoverable damages when the injuries were not due to negligence of the airline or were solely due to negligence of a third party. This too is a question for the jury. Volaris emphasizes that its flight attendants followed all applicable law and its internal operating protocols. Even if that is true, a reasonable juror could still find that Volaris was negligent, whether in the flight attendants' response to the fight, in their de-escalation of Castro's previous argument with a different passenger, or even in their monitoring of Castro, who may have shown signs of intoxication earlier in the flight.

Finally, Volaris is not entitled to partial summary judgment limiting the damages

recoverable to solely mental and emotional injuries that flow from Ariza's bodily injury. While the issue is close, the Sixth Circuit's analysis in *Doe v. Etihad Airways,* 870 F.3d at 411–34, is persuasive.

**IT IS SO ORDERED.**

Dated: September 10, 2024

_____
VINCE CHHABRIA
United States District Judge

3